Stief *agt.* Hart.

ans. must answer fully.—He must object *in limine.*  (3 *Pick.*
229 ; *Dwar. Stat.* 749–50, 736.) ▂▄▆

—————◂◂●◂●▸—————

STIEF, plaintiff in error, *agt.* HART, defendant in error.

*Questions discussed.*

1. Where personal property is *pledged* for debt and in the *possession* of the
*pledgee,* and the sheriff having an execution against the *pledgor,* whether the
sheriff may, by virtue thereof, take the property out of the hands of the pledgee
into his own possession, and *remove* it, and sell the right and interest of the
pledgor therein ?

2. Whether, if *trespass* would lie against the general owner for interference
with the pledgee's possessory title, it would lie against the sheriff for the same
cause ?

This was an action of replevin tried before Hon. JOHN W. ED-
MONDS, Circuit Judge, on the 11th April, 1845.   The action was
brought by Stief against Hart, as sheriff of the city and county
of New-York, for taking a quantity of cloth caps and muffs
from the possession and store of Stief in the Bowery, near Bay-

ard-street, to an auction store corner Reade-street and Broad-way, New-York, by virtue of an execution in favor of Ezra Willmarth, against Ezra Willmarth, Jr., received November 7, 1842.

Stief claimed to hold the goods by virtue of a pledge or agreement from C. & E. Willmarth, which was introduced and proved on the trial, as follows:

"Whereas, Mr. F. H. Stief, No. 32 Bowery, in the city, county, and state of New-York, has a quantity of caps from us to sell for us, he to have what profit he can make on them over and above the price at which they are invoiced, and has also a quan-tity of muffs on deposit from us; therefore it is agreed by us, that, whereas we owe him a note, due this day, amounting to one hundred and twenty-three dollars and sixty-two cents, that he shall pay forty-three dollars and nineteen cents on said note, we to give him a new note for the balance, $80,43, at 60 days, with interest, the said note to be returned to us; the said $43,19 being cash now in his hands for caps sold. And we do hereby agree not to withdraw said caps from him until said note is paid. He is to be responsible to us, or our order, for what property of ours that is now in his hands, after said note, or the amount thereof, is paid.

Dated New-York, May 18, 1842.

C. & E. WILLMARTH.  [L. S.]

Signed and sealed in the
    presence of Wm. Weimar." }

It was then proved that the debt to Stief was unpaid, and that a judgment had been recovered thereon against E. Will-marth, Jr.

It was proved that it was in consequence of Stief's repre-sentations, that the goods belonged to E. Willmarth, Jr., that the sheriff levied upon them. But Stief said at the same time that the sheriff could not take them—that they were given to him as security for a debt.

The value of the goods was proved by defendant, by E. Will-marth, Jr., a witness.

Stief *agt.* Hart.

The counsel for the plaintiff requested the circuit judge to charge the jury that if they believed, from the evidence, that the property levied on by the defendant while in the possession of the plaintiff had been pledged to him to secure the payment of a debt then unpaid, the sheriff, in taking the pledged property from the plaintiff's possession, was a trespasser, and the plaintiff was entitled to recover.

The circuit judge refused so to charge; but charged the jury that where property is pledged for debt and in the possession of the pledgee, a sheriff having an execution against the pledgor may, by virtue thereof, take the said property out of the hands of the pledgee into his own possession, and remove it and sell the right and interest of the pledgor therein.

To which charge the counsel for the plaintiff excepted.

The jury found a verdict for the defendant for the value of the property, and assessed his damages.

The supreme court affirmed the judgment rendered at the circuit.

The plaintiff brought error, and removed the judgment into this court.

*Obadiah H. Platt, Attorney and*
*A. Taber, Counsel* for plaintiff in error.

*First.* Stief had such a property in the goods, that he could have maintained trespass against the general owner, had he removed them without Stief's consent, and before the lien was discharged. (10 *Wend. R.* 318.)

☞ Sup. court decided this on authority of 6 *Hill,* 484. ☜

*Second.* If trespass would lie against the general owner for interference with Stief's possessory title, it will lie against the sheriff for the same cause, unless the sheriff, by virtue of an execution, can acquire a greater right of control over, and a greater interest in, the property of the execution defendant than the latter himself has.

*Third.* The 2d Revised Statutes, page 366, sec. 20, authorizes the "right and interest" of a pledgor to be sold on execution, but does not interfere with the rights of a pledgee.

In this property, the right to the possession was in Stief, and of course the possessory title of the general owner had been divested, and could not be sold; yet the sheriff took the property from the possession of Stief; an act which the general owner himself could not do.

*Fourth.* The greater power includes the less; and if sections 20 and 23, as declared by the court in 6th *Hill,* 484, gives the sheriff the power to have the property in view when sold, that power may, and therefore ought, to be exercised without removing the property from the possession of the pledgee.    If the sheriff can remove, he can also enter upon the pledgee's premises to sell, and may advertise it to be sold without removal, and thus leave the rights of the pledgee undisturbed.

*Fifth.* The statute does not confer upon the sheriff power to remove the property, because,

1. At common law, the sheriff could not remove pledged property without paying the lien; (*Story on Bailment,* 238, *sec.* 353;) though the "right and interest" of the pledgor could be sold on execution.    (4 *Wend.* 292.)

2. The statute, secs. 20 and 23, 2 *R. S.* 367, does not alter, but is merely declaratory of the common law.    (*Revisers' Notes, part 3d, chap.* 6, *title* 5, *secs.* 17 *and* 20; 17 *J. R.* 116; 14 *do.* 222.)    Except that as to power of sheriff to sell assigned or bailed goods, the decisions were conflicting.    (*Revisers' Notes;* 5 *J. R.* 345; 4 *Cowen,* 469.)

3. If "personal property" in the 23d section includes the "right and interest of a pledgor in the 20th section, then the last clause of the 23d section must also apply to pledged property, and the sheriff who takes it must offer it for sale in such "*lots and parcels as will bring the highest price;*" whereas pledged property must be sold in one parcel, and *cannot* be divided.

*Sixth.* To allow the sheriff to remove the property from the possession of the pledgee would impair his security; as if the sheriff should destroy, sell or make way with the property, the pledgee would have only the sheriff's personal responsibility, which might be, and in *this* case *was good for nothing,* the *sheriff* being largely *insolvent.*

*Seventh.* The sheriff did not in any manner recognize the pledgee's lien, but proceeded in hostility to, and denial of it, as appears from the evidence; and the court should therefore have ,charged the jury that the sheriff was a trespasser. (23 *Wend. R.* 653, 668, 669.)

O. H. PLATT, *Attorney for plaintiff.*

☞ I shall take a narrower view than in these points— the simple question decided by the judge. (34–5.)—At common law, judgment and execution give the sheriff no greater right over the property than the defendant himself has. (*Sewell's Law of Sheriffs*, 225; *Com. Dig. Exn. c.* 4.) Sheriff cannot take goods in pledge. (*Brooke's Ab.' Pledge, pl.* 24.) May be taken on execution on satisfying the pledge. (*Brooke's Ab. Exn. pl.* 107; *Sewell Sheriff*, 242.) Sheriff cannot sell *absolutely*. (*Story Bailt.* § 286.) Not liable to be taken in execution, at least not unless the pledge is at an end. *In this state of the law comes our statute.* Decision of supreme court carries the statute by construction further than it ought to go; ought to be restricted, as statute against the common law. 6 *Hill*, 484, our case decided on this case. Must be sold *in one lot*. Statute for selling in *parcels* cannot apply. (2 *Dwar. Stat.* 750.) Construction of statutes.—Powers derogatory to private property must be construed strictly. (*Lofft.* 438.) Statute giving a new remedy construed strictly. (2 *id.* 63; 4 *Hill*, 76; *Cowp.* 26; 4 *Mass.* 473.) ☞

☞ REPLY.—As to remedy against partners. (*Coll. on Part.* 478, *note* 197, 3d Ed.; 2 *Ves. and B.* 301; 3 *B. and P.* 288, 289.) ☞

*Joseph C. Hart, Attorney and*
*Samuel Stevens, Counsel* for defendant in error.

*First.* The statute confers the right of levy upon goods pledged. (2. *R. S.* 290, § 20, 2d *edition.*)

*Second.* Personal property cannot be sold, unless the same be present, and within the view of those attending the sale. (2 *R. S.* 291, § 23, 2d *edition.*)

*Third.* The sheriff, having the right to levy, has the right to

Stief *agt.* Hart.

do all that the law requires to enable him to sell. (*Burrall* v. *Acker*, 23 *Wend.* 61; 014 *J. R.* 352; 15 *J. R.* 179.)

*Fourth.* He had the right, therefore, to remove the property to a place of safe deposit, and he is not a *trespasser* for so doing. (*Scrugham* v. *Carter*, 12 *Wend.* 134; *Randall* v. *Cook*, 17 *Wend.* 58; *Phillips* v. *Cook*, 24 *Wend.* 395; *Waddell* v. *Cook*, 2 *Hill*, 47, *note*; 4 *Hill*, 161, *affirmed last Dec.*; *Ray* v. *Birdseye*, 6 *Hill*, 484.)

*Fifth.* The judgment ought therefore to be affirmed.

J. C. HART, *Attorney for defendant in error.*

☞ This is a remedial statute, and must be beneficially construed. ☜

DECISION.—Judgment affirmed, on an equal division of the judges.

JEWETT, Ch. J., and RUGGLES, J., delivered opinions for affirmance, in which BRONSON and JONES, Judges, concurred.

GARDINER, GRAY, and WRIGHT, Judges, delivered opinions for reversal, in which JOHNSON, J., concurred.

NOTE.—*Held*, that the 20th section of the statute (2 *R. S.* 366) authorizes the sale of the "right and interest" of the *pledgor* in goods and chattels, on execution against him. And the 23d section of the same statute declares that no *personal property* shall be exposed for sale, unless the same be *present* and *within the view* of those attending the sale. And that the term "*personal property*," in the 23d section, applied to and included the term "*right and interest*," mentioned in the 20th section, as regards the regulation and sale of pledged goods.

Consequently, the right of the sheriff to *take* and *hold* the goods preparatory to a sale of such right and interest, arises by *necessary implication*. Whenever a power is given by statute, everything necessary to making it effectual, or requisite to attain the end, is implied.

*Reported* 1 *Comstock*, 20.